■ NANCY BROKOPP et al., Respondents, v HERBERT STURZ, as Chairperson of the New York City Planning Commission and as Director of the Department of City Planning, et al., Appellants.—Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 10, 1986, which granted plaintiffs' motion for summary judgment to the extent of directing defendant Sturz to accept plaintiffs' application to legalize their loft tenancy, unanimously reversed, on the law and the facts, the motion denied and the complaint dismissed, without costs.

Plaintiffs have leased the entire eleventh floor of premises located at 119 West 25th Street since 1977. Because the area was zoned for commercial use, their residential occupancy was illegal.

By a letter, with appropriate documents, to the Department of City Planning, dated July 23, 1984, plaintiffs filed an application for determination of occupancy, more commonly referred to as a grandfathering application, which sought to have their tenancies legalized pursuant to article 7-C of the Multiple Dwelling Law. The letter admitted that the applica-

tion was late, noting that the deadline was June 1983, but cited personal problems of the tenants as the cause for the delay.

The application was returned without explanation in an envelope postmarked November 7, 1984. Plaintiffs appropriately considered the return of the documents a rejection of their application.

By a notice of petition and petition, both dated March 5, 1985, plaintiffs sought a judgment, pursuant to CPLR article 78, directing the defendant Sturz to rescind and annul the rejection of plaintiffs' application to legalize their loft tenancy pursuant to Zoning Resolution of the City of New York § 15-021 (c) and article 7-C of the Multiple Dwelling Law.

By a decision and order dated June 24, 1985, Justice Richard Wallach directed that the action be converted from an article 78 proceeding to a declaratory judgment action and directed that a supplemental summons and complaint be issued joining the City of New York and the Board of Estimate as additional defendants.

On or about July 31, 1985, the plaintiffs filed a supplemental summons and complaint. The complaint challenged the June 21, 1983 filing deadlines for applications to legalize tenancies contained in sections 15-021 and 42-133 of the Zoning Resolution of the City of New York and sought a judgment which determined, *inter alia,* that the grandfathering application was unconstitutional and preempted by State law.

The answer of August 19, 1985 generally denied the allegations of the complaint and specifically contended that the plaintiffs' grandfathering application was untimely.

The motion court granted the plaintiffs' motion for summary judgment to the extent of directing defendant Sturz to accept the plaintiffs' grandfathering application as timely filed.

Defendants contend that the motion court erred in holding the June 1983 deadline for filing grandfathering applications unenforceable since (1) any defect in the notice of the proposed amendment was de minimis and (2) if the notice for the June 21, 1983 deadline is ruled invalid and that deadline unenforceable, the plaintiffs would be required to meet the July 31, 1982 deadline.

Plaintiffs contend that the motion court correctly determined that the June 21, 1983 deadline was unenforceable since, contrary to section 200 (a) of the New York City

Charter, the notice of the new deadline was published for only 9 days rather than 10, the proposed amendment to section 15-021, as published, contained typing errors which rendered the notice misleading and the notice failed to describe the new legislation in general terms as required by section 200 of the City Charter. In addition, plaintiffs contend that the institution of a deadline is contrary to State law in that it seeks to take away a right granted by the State Legislature, namely, the right to legalize loft tenancies for residential purposes.

It is evident that since the plaintiffs filed their application in July 1984, they did not meet the filing deadlines for either 1983 or 1982. Therefore we find it unnecessary to determine the issue of whether the 1983 deadline was ineffective because it was published in the City Record for only 9 instead of 10 days prior to a scheduled hearing on the proposal and because of typing errors. We further reject any contention that State law preempted the imposition of any deadline for grandfathering applications since the Loft Law contemplated both State and local involvement in its implementation. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Smith, JJ. *[See,* 133 Misc 2d 273.]